UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LORRAINE GOETZ and JOHN GOETZ,                Case #:

                Plaintiffs,

      - against -                                  **VERIFIED COMPLAINT**

BIOMET ORTHOPEDICS, INC.
                                    **PLAINTIFF DEMANDS**
                Defendant.              **A TRIAL BY JURY**
-----------------------------------------------------------------X

      Plaintiffs, complaining of the Defendant, by their attorneys, **DELL & DEAN, PLLC**, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

      1.    At all times hereinafter mentioned, Plaintiffs **LORRAINE GOETZ and JOHN GOETZ** were and still are residents of the State of New York, residing at 53 Hammond Lane, Centereach, County of Suffolk, State of New York.

      2.    Upon information and belief, Defendant **BIOMET ORTHOPEDICS, INC.,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of Indiana and doing business within the State of New York.

      3.    Upon information and belief, at all times herein mentioned, Defendant **BIOMET ORTHOPEDICS, INC.** is maintaining a principal place of business at 56 East Bell Drive, Warsaw, County of Kosciusko, State of Indiana.

      4.    That the amount in controversy exceeds in the sum of $150,000.00 exclusive of costs and interest.

      5.    Jurisdiction is properly had over this matter pursuant to 28 U.S.C. 1332 since the

parties are citizens of diverse states, and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS**.

6. Venue is properly placed in the United States District Court for the Eastern District of New York since the Plaintiffs resides within that district, and that district is the most convenient for this action to be tried.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF LORRAINE GOETZ

7. At all times hereinafter mentioned, Defendant **BIOMET ORTHOPEDICS, INC.** committed a tortuous act within the State of New York.

8. That Defendant **BIOMET ORTHOPEDICS, INC.** regularly does, or solicits, business in the State of New York. Moreover, Defendant **BIOMET ORTHOPEDICS, INC.** regularly does, or solicits, business in the Eastern District, New York.

9. That at all times herein mentioned the Defendant **BIOMET ORTHOPEDICS, INC.** was in the business of selling, manufacturing and distributing a Biomet Orthopedics, Inc. total left knee replacement for the purpose of sale and use to the general public, hospitals and physicians.

10. That the Defendant **BIOMET ORTHOPEDICS, INC.** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a Biomet Orthopedics, Inc. total left knee replacement.

11. That at all times herein mentioned, on December 18, 2013 the Defendant, **BIOMET ORTHOPEDICS, INC.** manufactured, sold, distributed and delivered to various retailers, hospitals and physicians the above mentioned product.

12. That on or about February, 2003, Plaintiff **LORRAINE GOETZ**, was implanted with said product of Defendant in the manner intended and/or foreseeably intended, when the product caused injury to the plaintiff, thereby causing severe and catastrophic personal injuries to plaintiff.

On December 18, 2013, Plaintiff had a revision surgery to remove part of said product and a further revision surgery on January 13, 2014.

13. That the Defendant **BIOMET ORTHOPEDICS, INC.** warranted said product was fit for the purpose for which it was intended.

14. That the Defendant **BIOMET ORTHOPEDICS, INC.** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

15. That the Defendant **BIOMET ORTHOPEDICS, INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

16. That the Defendant **BIOMET ORTHOPEDICS, INC.** designed, created, manufactured, tested, inspected, produced, marketed, imported, distributed and sold a certain Biomet Orthopedics left knee replacement which caused Plaintiff, **LORRAINE GOETZ**, to suffer severe and permanent personal injuries

17. That relying upon said warranties, Plaintiff **LORRAINE GOETZ** proceeded to use the said product in accordance with its intended use.

18. That the Plaintiff **LORRAINE GOETZ** while using the product in accordance with its intended use was caused to suffer and sustain severe bodily injuries.

19. That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff **LORRAINE GOETZ** contributing thereto.

20. That the aforesaid accident was caused solely and wholly by reason that Defendant **BIOMET ORTHOPEDICS, INC.** breached their warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

21. That the carelessness and recklessness of the Defendant **BIOMET ORTHOPEDICS, INC.** in the design, creation, manufacture, testing, inspection, production, sales, distribution and selling of the aforesaid Biomet Orthopedics, Inc. total left knee replacement in creating a Biomet Orthopedics, Inc. total left knee replacement which was subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing and distributing a Biomet Orthopedics, Inc. total left knee replacement which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid Biomet Orthopedics, Inc. total left knee replacement; in failing to warn of its proper use; in failing to properly test and inspect the product during the manufacturing process; in negligently and carelessly warranting, representing and advertising that the Biomet Orthopedics, Inc. total left knee replacement was safe and free from danger when used in the customary and usual manner; in failing to give proper warnings and cautions; in failing to manufacture and placing into the stream of commerce a Biomet Orthopedics, Inc. total left knee replacement which was not properly designed and manufactured; in failing to comply with the applicable laws, rules and regulations; in failing to comply with the U.S. Food and Drug Administration's warnings; and Defendant, **BIOMET ORTHOPEDICS, INC.**, was otherwise negligent in the operation, supervision and maintenance of said product.

22. That upon information and belief, the Biomet Orthopedics, Inc. total left knee replacement in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it

was inherently and/or unreasonably dangerous; its utilization violated FDA regulations; and it caused severe injuries while being used and the products were otherwise defective.

23. That Defendant **BIOMET ORTHOPEDICS, INC.** caused the Plaintiff's Biomet Orthopedics, Inc. left knee replacement to have improper and defective material; to be improperly designed; to be improperly manufactured; to have improper and inadequate warnings or instructions; to not be safe for use for the purposes intended; to be inherently and/or unreasonably dangerous; to cause severe injuries while being used; and to be otherwise defective.

24. That Plaintiff **LORRAINE GOETZ** was caused to sustain bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **BIOMET ORTHOPEDICS, INC.,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining the Biomet Orthopedics, Inc. total left knee replacement for use by businesses, physicians, hospitals and the general public; and in otherwise being careless and negligent

25. Defendant **BIOMET ORTHOPEDIC, INC.'S** conduct was negligent, careless and reckless and beyond all standards of common decency so as to permit the recovery of punitive damages.

26. That by reason of the foregoing, Plaintiff **LORRAINE GOETZ** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

27. That by reason of the foregoing, the Defendants **BIOMET ORTHOPEDICS, INC.**, their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

28. That by reason of the foregoing Defendant **BIOMET ORTHOPEDICS, INC.** is liable to the Plaintiff **LORRAINE GOETZ** under the doctrine of Strict Products Liability.

29. That Plaintiff **LORRAINE GOETZ'S** strict product liability claims arise from violations of federal laws and regulations.

30. That as a result of the foregoing, Plaintiff **LORRAINE GOETZ** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF LORRAINE GOETZ

31. Plaintiff **LORRAINE GOETZ**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

32. That at all times hereinafter mentioned, the Defendant **BIOMET ORTHOPEDICS, INC.** designed, manufactured and distributed the Biomet Orthopedics, Inc. total left knee replacement in question, knowing and intending for it to be used by the public.

33. That on December 18, 2013, the Plaintiff **LORRAINE GOETZ** was making use of the aforesaid Biomet Orthopedics, Inc. total left knee replacement, in a manner which the Defendant **BIOMET ORTHOPEDICS, INC.** knew and intended to be used and/or in a manner foreseeable by the Defendant.

34. That the said product was defective and that said defect was a substantial factor in

causing the injury to the Plaintiff **LORRAINE GOETZ**.

35. That on December 18, 2013, Plaintiff **LORRAINE GOETZ** used the product for the purpose and use normally intended.

36. That on December 18, 2013, while Plaintiff **LORRAINE GOETZ** was using the said product, which was without any warnings malfunctioned causing Plaintiff to suffer severe bodily injuries.

37. That upon information and belief, the Biomet Orthopedics, Inc. total left knee replacement in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

38. That on December 18, 2013, while Plaintiff **LORRAINE GOETZ** was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **BIOMET ORTHOPEDICS, INC.,** their agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing and maintaining said product for use by physicians and the general public; and in otherwise being careless and negligent.

39. That by reason of the foregoing, the Defendant **BIOMET ORTHOPEDICS, INC.,** their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

40. That by reason of the foregoing Defendants are liable to the Plaintiff **LORRAINE GOETZ** under the doctrine of Strict Products Liability and pursuant to Section 402A -Restatement

of Torts Second.

41. That by reason of the foregoing, Plaintiff **LORRAINE GOETZ** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF LORRAINE GOETZ

42. Plaintiff **LORRAINE GOETZ** repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

43. That Defendant **BIOMET ORTHOPEDICS, INC.**, their agents, servants, and/or employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid Biomet Orthopedics, Inc. total left knee replacement was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

44. That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid Biomet Orthopedics, Inc. total left knee replacement, the Defendant **BIOMET ORTHOPEDICS, INC.**, their agents, servants and/or employees knew that the Biomet Orthopedics, Inc. total left knee replacement would be used and the users of said product would rely upon the expressed and implied warranties and representations that the said product was safe, proper, merchantable and fit for its intended uses and was free from any defects.

45. That by reason of the foregoing, the Defendant **BIOMET ORTHOPEDICS, INC.**, violated and breached the aforementioned express and implied warranties and that the Biomet

Orthopedics, Inc. total left knee replacement was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

46. That Plaintiff **LORRAINE GOETZ** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant **BIOMET ORTHOPEDICS, INC.**, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

47. That by reason of the foregoing, Plaintiff **LORRAINE GOETZ** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF JOHN GOETZ

48. Plaintiff **JOHN GOETZ** repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect, as though set forth at length herein.

49. That at all times hereinafter mentioned, Plaintiff **JOHN GOETZ** was the spouse of the Plaintiff **LORRAINE GOETZ** and as such was entitled to the society, services and consortium of his spouse **LORRAINE GOETZ**.

50. That by reason of the foregoing, Plaintiff **JOHN GOETZ** was deprived of the society, services and consortium of the Plaintiff **LORRAINE GOETZ** and shall forever be deprived of said society, services and consortium.

51.     That by reason of the foregoing, Plaintiff **JOHN GOETZ** was damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

**WHEREFORE**, Plaintiffs **LORRAINE GOETZ and JOHN GOETZ** demand judgment against the Defendant **BIOMET ORTHOPEDICS, INC.** herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:          Garden City, New York
                2-12-15

                                        Yours, etc.

                                        _____
                                        JOSEPH G. DELL (JD 7315)
                                        DELL & DEAN, PLLC
                                        Attorneys for Plaintiffs
                                        LORRAINE GOETZ and JOHN GOETZ
                                        1325 Franklin Avenue, Suite 100
                                        Garden City, New York 11530
                                        (516) 880-9700

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

JOSEPH G. DELL, an attorney admitted to practice in the Courts of New York State, states that:

1. I am a partner at DELL & DEAN, PLLC. the attorneys for the plaintiff in the within action;

2. I have read the foregoing COMPLAINT and know its contents to be true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true;

3. The reason I make this verification instead of the plaintiff is that plaintiff does not reside within in the county in which your affirmant's office is located;

4. The sources for my information and the grounds for my belief are based upon my conversations with the plaintiffs, correspondence, investigation, statements and information in affirmant's office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: Garden City, New York
       2-12-15

_____
JOSEPH G. DELL

Index No.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LORRAINE GOETZ and JOHN GOETZ,

        Plaintiffs,

-against-

BIOMET ORTHOPEDICS, INC.,

        Defendant.

---

SUMMONS & COMPLAINT

---

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
1325 Franklin Avenue
Suite 100
Garden City, New York 11530
(516) 880-9700
Facsimile (516) 880-9707

---

TO: